**FEN ZHOU CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 05–6383–ag.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Joe W. Stecher, U.S. Atty., District of Nebraska, Michael P. Norris, Asst. U.S. Atty., Omaha, Nebraska, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Fen Zhou Chen, a native of China, seeks review of a November 10, 2005 order of the BIA summarily affirming immigration judge ("IJ") Alan Vomacka's July 15, 2004 decision denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fen Zhou Chen,* No. A97 385 486 (B.I.A. Nov. 10, 2005), *aff'g* A97 385 486 (Immig. Ct. N.Y. City July 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d

Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ Here, the IJ was reasonable in finding that Chen's professed willingness to lie under oath undermined the veracity of the claim he presented to the immigration court. While an adjudicator *may* have reasonably accepted Chen's explanation regarding instructions to fabricate his claim from a smuggler, a reasonable adjudicator would not have been *compelled* to accept the explanation, particularly because Chen gave three different accounts of his claim. Thus, IJ here appropriately determined that Chen's explanation was insufficient. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). The IJ was also reasonable in relying on Chen's discrepant testimony regarding where he lived and how he obtained his first lawyer because although they are not details central to his claim of persecution, the cumulative effect of minor discrepancies can undermine an applicant's credibility. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Similarly, the IJ appropriately determined that it was implausible that Chen did not know the name of his employer or the name or phone number of the restaurant where he was employed, as it does not stretch the limits of sensibility to assume that one would know where he worked and who supervised him. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006). Finally, the IJ was reasonable in relying on Chen's failure to provide sufficient corroborating evidence, as this failure to corroborate was combined with admitted material inconsistencies and discrepancies in his testimony. *See Xiao Ji Chen v. United States Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006), *opinion revised*, 471 F.3d 315 (2d Cir.2006); *see also id.* (noting that the amount of weight afforded to a particular document is largely left to IJ's discretion); *id.* at 160 n. 13 (noting that this Court presumes an IJ has taken into account all evidence before him unless the record compellingly suggests otherwise).

■ The agency's adverse credibility determination is thus supported by substantial evidence in the record, and its denial of asylum was appropriate. Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Additionally, because Chen's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).